```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEVEN P. FLEMING, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 12-1758 (JBS/KMW) |
| v. | |
| ADVISORY COMMITTEE ON JUDICIAL CONDUCT TO THE SUPREME COURT OF THE STATE OF NEW JERSEY, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Steven P. Fleming
16 East Main Street
Lansdale, PA 19446
    Plaintiff Pro Se

**SIMANDLE,** Chief District Judge:

## I. INTRODUCTION

Plaintiff Steven P. Fleming, representing himself, has filed a Complaint demanding a jury trial to obtain relief from six Defendants: Advisory Committee on Judicial Conduct to the Supreme Court of the State of New Jersey ("Advisory Committee")[1];

---

[1] The Complaint's caption identifies this party as "Advisory Committee on Judicial Conduct Supreme Court of New Jersey" (Compl. at 1). The Court was uncertain as to whether Plaintiff intended to name one party, i.e. the Advisory Committee, or two parties, i.e. the Advisory Committee and the New Jersey Supreme Court.  The Court interpreted the caption to indicate only one party, the Advisory Committee.  The same rationale for dismissal would apply to such claims against the New Jersey Supreme Court.

Advisory Committee Chair Justice Alan B. Handler; Clerk John A. Tonelli; New Jersey Appellate Division, Superior Court, Trenton; and Judge Carmen H. Alvarez (collectively "Defendants").  The Complaint involves the Plaintiff's daughter's alleged "kidnapping", which Defendants allegedly supported, in a judicial proceeding in the Superior Court of New Jersey many years ago.

The Court has reviewed Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. [Docket Item 1.] Because the Affidavit discloses that Plaintiff is indigent, the Court will permit the Complaint to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915(a).

On October 5, 2012, Plaintiff filed a Motion for Default in the instant matter.  [Docket Item 2.]  The Motion for Default reiterates allegations in the Complaint.

Section 1915 requires the Court to preliminarily review each complaint filed in forma pauperis and to "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 409 U.S. 319,

325 (1989) (interpreting 1915(e)(2)'s predecessor, the former § 1915(d)).  The standard for evaluating whether a complaint is frivolous is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

The Court now turns to its analysis under 28 U.S.C. § 1915(e)(2)(B).

## II.   FACTUAL AND LEGAL ALLEGATIONS

Plaintiff's Complaint consists of incomplete statements and farfetched allegations involving the alleged kidnapping of the Plaintiff's daughter, pursuant to a conspiracy among a state judge and other judicial employees.  From the Court's best effort at understanding the Complaint, the Plaintiff is dissatisfied that the Advisory Committee did not issue punishments for an unnamed judge in the Cape May County Courthouse and other members of the New Jersey Judiciary for allegedly being "accessories to a cover-up concerning my 3 year old daughter, kidnapped, under the table, leaving no[] paper trail." (Compl. at 1.)

Additionally, the Plaintiff alleges that he was denied due process "in a two minute kangaroo court" by Judge Alvarez.

(Compl. at 1.) Plaintiff alleges that Judge Alvarez, in ruling on a case that appears to involve Plaintiff's hospitalization at Ancora Psychiatric Hospital, was "motivated by insurance fraud, saturated with a different gender, acting in discrimination over a father['s] issue. . . where [he is] kept obstructed in due process." (Compl. at 1.) The Plaintiff further alleges that he was forced to take medication against his will while at Ancora Psychiatric Hospital.

The Plaintiff also makes general allegations regarding many "dirty judges" and "well-established corruption" that are "violat[ing] public safety (in having over 200 people die a day in the United States on wrong medications) for their own personal profit." (Compl. at 2.)

Plaintiff adds that the hearing before Judge Alvarez resulted in him being "black listed on any other subject matter that is indeed in their jurisdiction" and that Judge Alvarez acted "in conflict of interest, abuse of authority, and [as an] accessory to this felony." (Compl. at 2.)

Next, the Plaintiff alleges that he wrote a letter to a colleague of Judge Alvarez, Judge Parrello, to present his claims and "explain Judge Alvarez's misconduct, conflict of interest, . . . and her ruling [on] January 26, 2012" and received no response. (Compl. at 2.)  Finally, the Plaintiff requests relief

4

"to afford [his] own counsel, pain and suffering, and personal injury." (Compl. at 2.)

Many of Plaintiff's claims are criminal claims. Plaintiff states that he "needs criminal charges brought up against these Defendants. . . ." (Compl. at 2). He also makes claims of "reckless endangerment, deformation of character, abuse of authority, cruel & [un]usual punishment, insurance fraud, the ruining of a well earned career and loss wages, and to this felony kidnapping." (Compl. at 2).

Plaintiff demands a jury trial, claiming that, "having an impartial [j]udge has been violated, where I would need at least a six person jury." (Compl. at 2.)

## III. ANALYSIS

For the reasons now discussed, the Plaintiff's Complaint must be dismissed because the Court lacks subject matter jurisdiction. In addition, the Court cannot provide the relief that Plaintiff seeks. There is no mandamus jurisdiction and, therefore, no jurisdiction in this federal court over the claims against the Advisory Committee or its Chair. Judicial Immunity has also attached for Defendants Clerk John Tonelli, Judge Carmen H. Alvarez, and the Appellate Division of the New Jersey Superior Court.

In addition to the lack of subject matter jurisdiction, Plaintiff's Complaint lacks an arguable basis in both law and fact. Though Plaintiff lists claims and asks the Court to file criminal charges against Defendants, it is difficult to discern any specific civil claims.  The Court cannot file criminal charges.  For each of these reasons, as now explained, the Court must dismiss the Complaint under § 1915(e).

### A.   There is No Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and they must have the power to hear the case.  In re Morrissey, 717 F.2d 100, 102 (3d Cir. 1983).  If the Court "determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Federal courts have jurisdiction over "issues arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The Complaint does not present any issues of federal law, but seeks the launching of criminal prosecutions of the defendants, together with damages for "pain and suffering and personal injury" caused by these defendants.  The Complaint contains no jurisdictional statement and no federal or state statute giving a ground for relief.

### B.   There is No Mandamus Jurisdiction

The writ of mandamus allows a federal district court to compel a federal official to perform an act owed to a plaintiff.

However, a federal court cannot compel a state court or state officials to act. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963).  It appears that Plaintiff has asked this Court to compel the Advisory Committee on Judicial Conduct and Advisory Committee Chair Justice Alan B. Handler to take action against the judicial employees and institutions identified in the Complaint. The Court cannot compel the Advisory Committee or the Advisory Committee Chair to act because they are state officials.

### C. Judges, Clerks, and Court Divisions Have Judicial Immunity for Judicial and Quasi-Judicial Acts

Judges, Clerks, and Court Divisions are entitled to judicial immunity for judicial and quasi-judicial acts.  Judges have absolute immunity for acts judicial in nature and qualified immunity for acts in other legal processes, including discovery proceedings.  See Mireles v. Waco, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam) ("[G]enerally, a judge is immune from a suit for money damages."); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).

Defendants Clerk John Tonelli and Judge Carmen Alvarez are members of the state judiciary.  Defendant Appellate Division is the intermediate court in the New Jersey Judicial System.  The Court infers that Plaintiff is suing these Defendants in their official capacities because Plaintiff addresses Judge Alvarez as

acting in a "conflict of interest . . . [in] her ruling January 26, 2012," and Judge Alvarez is a member of the Appellate Division. (Compl. at 2.) The Plaintiff's claims therefore relate to Judge Alvarez's actions in a judicial proceeding in the Appellate Division. The Complaint does not explicitly mention Clerk John Tonelli other than in the caption, so this Court assumes Plaintiff's grievance with Clerk John Tonelli arose from his official capacity as a clerk.

Therefore, since Defendants Clerk John Tonelli and Judge Alvarez were acting in adjudicatory roles on matters before them in their capacity as employees of the New Jersey Judiciary, they are protected by judicial immunity and claims against them are dismissed. Likewise, since Plaintiff's grievances with the Appellate Division seemingly arise from the same events, claims against it are dismissed.

**D.  Criminal Charges**

Plaintiff states that "[he] needs criminal charges brought up against these Defendants." (Compl. at 2.) The specific criminal charges sought by the Plaintiff include "reckless endangerment . . . insurance fraud . . . [and] felony kidnapping." (Compl. at 2.)

 This Court does not have the power to bring criminal charges. The ability to bring criminal charges lies solely with the

government. Fed. R. Crim. P. 7(a), (b). Therefore, all requests for prosecuting criminal claims against defendants are dismissed.

## IV. PLAINTIFF'S MOTION FOR DEFAULT

Plaintiff also filed a Motion for Default in the instant matter. [Docket Item 2.] In this filing, Plaintiff reiterates the allegations contained in the Complaint, including kidnapping, official corruption, and "operat[ing] a one minute kangaroo court," and requests a default. (P. Mot. for Default at ¶ 5.) Since this Court is dismissing the Complaint with prejudice, the Motion for Default is dismissed as moot. Furthermore, Plaintiff would not be entitled to entry of default against any defendant who has not been served with the summons and complaint, as required by Rule 55(a), Fed. R. Civ. P. No service of process has been made upon any Defendant as this matter awaited preliminary review under 28 U.S.C. § 1915(a), so the motion for default is premature and must be denied.

## V. PLAINTIFF'S HISTORY OF MERITLESS FILINGS

Plaintiff has a history of meritless filings. This history is outlined in Fleming v. Chiesa, 2012 U.S. Dist. LEXIS 90677, 5-7 (D.N.J. June 28, 2012) (Simandle, J.). When a plaintiff files repetitive frivolous and malicious complaints, a District Court can prohibit the Plaintiff from filing complaints raising claims that are "identical or similar to those that have already been

adjudicated." In Re Oliver, 682 F. 2d 443, 445 (3d. Cir. 1982). In addition, "[i]n appropriate circumstances, courts have . . . enjoined person from filing any further claims of any sort without permission of the court." Id.  Such an order is "an extreme remedy and should be used only in exigent circumstances." Id.

The Court will not impose such a limitation at this time. However, if Plaintiff continues with his pattern of meritless filings, the Court may impose such a limitation.

**VI.   CONCLUSION**

Plaintiff's Complaint is dismissed with prejudice in accordance with 28 U.S.C. § 1915(e) because the Court lacks subject matter jurisdiction, and because defendants are immune from suit for money damages, and because Plaintiff's claims lack an arguable basis in law and fact.


   **s/ Jerome B. Simandle**
Jerome B. Simandle
Chief U.S. District Judge


Dated:  **November 19, 2012**